IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES P. CALAFIORE | * |
| | * Civil Action No.: 1:04cv3402 |
| Plaintiffs | * |
| v. | * |
| WERNER ENTERPRISES and ROBERT GENTHNER | * |
| | * |
| Defendants | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AGAINST PLAINTIFF, JAMES P. CALAFIORE**

Defendants Werner Enterprises and Robert Genthner, by and through their attorneys, Andrew T. Stephenson, Linda J. Springrose, and Franklin & Prokopik, pursuant to Federal Rule of Civil Procedure 56, hereby file this Motion for Summary Judgment, against Plaintiff, James P. Calafiore, and, as reasons for the foregoing, state that there is no dispute of material fact and that Defendants are entitled to judgment as a matter of law for the reasons cited in the Memorandum of Points and Authorities attached hereto and incorporated herein by reference.

Respectfully submitted,

_____/s/_____
Andrew T. Stephenson
Federal Bar No.: 26504
Linda J. Springrose
Federal Bar No.: 15283
Franklin & Prokopik
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 752-8700
*Attorneys for Defendants*

## REQUEST FOR HEARING

Defendants Werner Enterprises, Inc. and Robert Genthner respectfully request that this Motion be heard.

                                                                 /s/_____
                                                            Linda J. Springrose

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2005, a copy of the foregoing was sent via e-mail, through the ECF system to:

| | |
|---|---|
| Richard W. Reische, Esquire | Wilson K. Barnes, Esquire |
| The Park Plaza, Suite 200 | Semmes, Bowen & Semmes |
| 800 North Charles Street | 250 West Pratt Street, 16th Floor |
| Baltimore, Maryland 21201 | Baltimore, Maryland 21201 |
| *Attorney for James P. Calafiore* | *Attorney for Insurance Co. of the State of PA and Brunswick/Life Fitness t/u/o and t/u/o James P. Calafiore* |

                                                               /s/_____
                                                            Linda J. Springrose

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMES P. CALAFIORE, ET AL. | * |
| Plaintiffs | * Civil Action No.: 1:04cv3402 |
| | * |
| v. | * |
| WERNER ENTERPRISES and ROBERT GENTHNER | * |
| | * |
| Defendants | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF, JAMES P. CALAFIORE**

Defendants Werner Enterprises and Robert Genthner, by and through their attorneys, Andrew T. Stephenson, Linda J. Springrose, and Franklin & Prokopik, and pursuant to Fed. R. Civ. Pr. 56 and Local Rule 105, submit the following grounds and authorities in support of their Motion for Summary Judgment against Plaintiff, James P. Calafiore. In particular, Plaintiff's claim is barred under the doctrine of judicial estoppel.

**I. FACTUAL BACKGROUND**

This case arises out of a rear-end accident that took place on northbound I-95 at the Fort McHenry Tunnel on October 25, 2001. (Exhibit A, Deposition of Plaintiff James P. Calafiore, at 11-13.) On December 5, 2003, Plaintiff and his wife, Susan Calafiore, filed a Chapter 7 Voluntary Petition for Bankruptcy. (Exhibit B, Petition for Bankruptcy.) At his deposition, Plaintiff stated that he had advised his bankruptcy attorney that he had a potential claim for personal injury arising out

of the October 25, 2001 accident, and, in fact, he had retained counsel, The Law Offices of J. Paul Cocoros,[1] in connection with that claim.  (Ex. A, at 38.)

Suit in connection with the October 25, 2001 accident appears to have been filed at some point between March 22, 2004 (Exhibit C, Civil Cover Sheet to Baltimore City Circuit Court, Attachment #1 to Filing #13 on the Docket Report for this case) and April 1, 2004 (Exhibit D, Letter to Circuit Court for Baltimore City Enclosing Filing Documents, Attachment #2 to Filing #13 on the Docket Report for this case).  Interestingly, the Bankruptcy Court's Order discharging Plaintiff and his wife from bankruptcy was entered on the docket on March 22, 2004.  (Exhibit E, Discharge Order.)

On his bankruptcy application, Plaintiff listed as an asset the Worker's Compensation Claim filed as a result of the accident.  (Ex. B, at Schedule C.)  That Worker's Compensation Claim was prosecuted by the same firm that filed the personal injury action against Defendants in the Circuit Court for Baltimore City.  (Ex. B, at Schedule C, Exs. C and D.)  However, the subject personal injury claim was not listed on the bankruptcy application as an asset or potential asset.  (Ex. B.)  The bankruptcy petition was never amended to include this claim as an asset or a potential asset.  (Exhibit F, Docket Entries for Bankruptcy Case No. 03-66991, *In Re Calafiore*.)  Bankruptcy counsel, however, knew when the case had been filed in the Circuit Court for Baltimore City.  (Ex. A, at 39.)

## II.  ARGUMENT OF LAW

Pursuant to Fed. R. Civ. Pr. 56, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[1] Counsel originally retained for the personal injury claim is not counsel of record before this Court.  Counsel of record for Plaintiff was likewise not Plaintiff's bankruptcy attorney.

show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Here, the material facts with respect to the grounds for judgment, judicial estoppel, are undisputed, and judgment as a matter of law is appropriate.

### A. Undisputed Facts Concerning Judicial Estoppel

- Plaintiff was aware of a potential personal injury claim arising out of the October 25, 2001 rear-end accident, and had retained counsel in connection with the claim. (Ex. A, at 38.)

- Plaintiff had filed a Worker's Compensation Claim in connection with the accident through the same counsel that filed the personal injury action. (Ex. B, at Schedule C.) Plaintiff and his wife filed for bankruptcy on December 5, 2003. (Exs. B, F.)

- The Worker's Compensation Claim was listed on the bankruptcy petition on Schedule C. (Ex. B.)

- The then-potential personal injury claim was not listed on the bankruptcy petition as a potential asset. (Ex. B.)

- The subject personal injury claim was filed in the Circuit Court for Baltimore City sometime between March 22, 2004 and April 1, 2004 (Exs. C and D.)

- The discharge Order from the Bankruptcy Court was entered on March 22, 2004. (Ex. E.)

- The bankruptcy petition was never amended to include the subject personal injury claim. (Ex. F.)

**B.  Bankruptcy Requirements**

In a bankruptcy case, a debtor is required to "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs[.]" 11 U.S.C.A. § 521(1) (2003).  This has been interpreted by courts as requiring debtors to include pending or potential lawsuits on the bankruptcy application.  *See, e.g., In re USinternetworking, Inc.*, 310 B.R. 274, 281 (D. Md.) (citing *Seward v. Devine*, 888 F.2d 957, 963 (2nd Cir. 1989)).  "The purpose of the disclosures in these schedules is to allow the parties in interest to rely on them during administration of the case."  *In re USinternetworking, Inc.*, 310 B.R. at 281.  The duty of disclosure is continuing.  *Id.*, at 282 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999)).  "Full and complete disclosure is required to preserve the integrity of the judicial function of the bankruptcy courts."  *In re USinternetworking, Inc.*, 310 B.R. at 382.

**C.  Judicial Estoppel**

"Judicial estoppel is an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts-to deter improper manipulation of the judiciary."  *Folio v. City of Clarksburg, West Virginia,* 134 F.3d 1211, 1217 (4th Cir.1998) (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.,* 65 F.3d 26, 28-29 (4th Cir.1995)).

> "To be invoked, the doctrine of judicial estoppel requires four elements to be present: '(1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact, rather than law or legal theory; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.'"

*In re USinternetworking, Inc.*, 310 B.R. at 281 (quoting *Havird Oil Co., Inc. v. Marathon Oil Co.,*

*Inc.,* 149 F.3d 283, 292 (4th Cir.1998)). "Judicial estoppel looks to the connection between the litigant and the judicial system [.]" *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3rd Cir. 1988).

Judicial estoppel has been held to apply in cases such as the one at bar, where a party fails to list a pending or potential cause of action in a bankruptcy action, then attempts to assert the claim at a later date. *In re USinternetworking, Inc.* involved a breach of contract action that USinternetworking ("USi") was attempting to assert against General Growth Management, Inc. ("GGMI"), even though it failed to disclose the existence of this claim in its previously filed petition for reorganization. 310 B.R. at 277-78. The court went through the four elements required for judicial estoppel and held that all four were satisfied.

First, the court held that non-disclosure of a claim as a potential asset in a bankruptcy proceeding is inconsistent with raising those same claims later. *Id.*, at 283. In doing so, it relied on the following language from *Rosenhein v. Kleban*, 918 F.Supp. 98, 104 (S.D.N.Y. 1996):

> "The rationale for these decisions [applying the doctrine of judicial estoppel in reference to bankruptcy cases] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete."

*In re USintetworking, Inc.*, 310 B.R. at 282.

Secondly, the Bankruptcy Court held that it is a matter of fact rather than a matter of law, when a claim not disclosed in a bankruptcy case are asserted later. *Id.*, at 284. The third element

was met, because the Bankruptcy Court, as well as USi's creditors, had accepted the non-existence of the claim during the reorganization proceedings. *Id*., at 285.

The fourth element was met because "the testimony of USi's officers was that USi knew about the GGMI claim well before it filed the petition herein, knew its dollar amount, and made a deliberate decision not to disclose it[.]" *Id*., at 285. Accordingly, the court found that USi had knowledge and motive to conceal the claim for its own benefit. *Id*.

The U.S. District Court for the Southern District of Mississippi addressed the fourth element in conjunction with an individual debtor's bankruptcy filing in which already-pending lawsuits against the EEOC were not listed. *Kamont v. West*, 258 F.Supp.2d 495, 500 (S.D. Miss. 2003). That Court stated that "the Fifth Circuit concluded that in considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory duty to disclosure is 'inadvertent' **only when**, in general, the **debtor lacks knowledge** of the undisclosed claims or has no motive for its concealment." *Id*. (citing to an unidentified case) (emphases supplied). Plaintiff's excuse in *Kamont*, that "these suits were not disclosed because she was suffering from work related stress and depression at the time she filed bankruptcy and did not actively participate in the filing other than to sign the Complaint and schedules[,]" was unavailing. *Id*. The Court pointed out that Plaintiff signed the bankruptcy petition order penalty of perjury and that she and her husband had an economic motive which would enable [her], if successful, to gain financially from this litigation." *Id*.

### D.  All Four Requirements Are Met in This Case

It is clear that the first three elements of judicial estoppel are easily met in connection with this case. The *In re USinternetworking, Inc.* case, which is factually similar to this case, requires a

finding that these first three elements were met.[2]

The fourth element is also met. Plaintiff clearly knew that he had a potential claim in this case. He had a Worker's Compensation Claim arising out of the same accident that gave rise to this case at bar, and he had retained that same counsel in connection with the personal injury claim against Defendants. (Ex. A, at 38; Exhibit F, at Schedule C.) He advised his bankruptcy attorney about the potential claim and had apparently even discussed bankruptcy counsel handling the personal injury claim for him. (Ex. A, at 38.) Accordingly, any attempt Plaintiff may make to say that he was unaware of the claim, or the merits thereof, defies belief.[3]

In addition, Plaintiff states that his bankruptcy attorney was aware when the personal injury case was filed. (Ex. A, at 39.) Yet, no amendment was ever made. (Ex. E.) The most potent proof that this omission was purposeful, however, is that the Civil Cover Sheet to the Circuit Court for Baltimore City is dated March 22, 2004. (Ex. C.) That same day, the discharge order was issued by the Bankruptcy Court. (Ex. E.) The Circuit Court case apparently was not filed, however, until April 1, 2004. (Ex. D.) It appears that the personal injury action was not filed until after the bankruptcy discharge.

Like the Plaintiff in *Kamont v. West*, Plaintiff knew of the potential suit but failed to list it, or ensure it was listed on the bankruptcy petition or schedules which were signed under oath (Ex.

---

[2] Indeed, the case *sub judice* is factually stronger than *In re USinternetworking, Inc.*, precisely because the discharge occurred either just before or contemporaneous with the filing of the subject personal injury compliant. By contrast, in *In re USinternetworking, Inc.*, the reorganization plan had not yet been approved when USi filed the lawsuit against GGMI.

[3] It may be that Plaintiff has a claim or claims against some other entity, in some other forum but that is a matter this court need not decide in this case. The undisputable fact is that this claim was never listed on the bankruptcy schedules.

B)  Also, like USi and the plaintiff in *Kamont*, Plaintiff Calafiore had economic motive to conceal the claim regardless of whether he advised bankruptcy counsel of its existence. Before the Bankruptcy Court, Plaintiff and his wife claimed $179,294.01 of assets and $146,378.61 of debt, of which $59,970.61 related to debt other than their home mortgage. (Ex. B.) Had the potential claim[4] been revealed, the creditors of Plaintiff and his wife may have been able to recover considerably more than they were likely able to in the absence of this claim. The fourth element of judicial estoppel has been met as a matter of fact and law.

**III. CONCLUSION**

It is clear that Plaintiff's failure to reveal to the Bankruptcy Court the existence of a large potential asset, the personal injury that is at issue in the case at bar, should judicially estop him from continuing with the prosecution of this action. By filing this claiming, Plaintiff has advanced an assertion that is inconsistent with a position taken during previous litigation, when he denied the existence of this potential asset in his bankruptcy case. The existence of a personal injury claim is one of fact, rather than of law or legal theory. Plaintiff's prior position was clearly accepted by the court in the first proceeding, as both it and his creditors accepted and proceeded based on the non-disclosure. Finally, Plaintiff acted intentionally, not inadvertently. He was well aware of this potential claim and, indeed, alleges that he told his bankruptcy attorney about the claim, yet the bankruptcy action was filed and prosecuted with no mention of the claim. This was not inadvertent, and there was sufficient motive to conceal the existence of the claim.

---

[4] In his suit, Plaintiff requests one million dollars. He claimed special damages are $107,125.00, so this is not a small claim.

Respectfully submitted,

/s/
_____
Andrew T. Stephenson
Federal Bar No.: 26504
Linda J. Springrose
Federal Bar No.: 15283
Franklin & Prokopik
Two North Charles Street, Suite 600
Baltimore, Maryland  21201
(410) 752-8700
*Attorneys for Defendants*

- 9 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMES P. CALAFIORE | * |
| | * Civil Action No.: 1:04cv3402 |
| Plaintiffs | * |
| v. | * |
| WERNER ENTERPRISES and ROBERT GENTHNER | * |
| | * |
| Defendants | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

Having considered Defendants' Motion for Summary Judgment against Plaintiff James P. Calafiore, and any opposition thereto, it is hereby

ORDERED on this _____ day of _____, 2005, that the Motion be and the same hereby is GRANTED.

_____
Catherine C. Blake, Judge
U.S. District Court for the District of Maryland