**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMES P. CALAFIORE | * |
| | * Civil Action No.: 1:04cv3402 |
| Plaintiffs | * |
| v. | * |
| WERNER ENTERPRISES and ROBERT GENTHNER | * |
| | * |
| Defendants | |
| | * |

\* * * * * * * * * * * * *

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Defendants Werner Enterprises and Robert Genthner, by and through their attorneys, Andrew T. Stephenson, Linda J. Springrose, and Franklin & Prokopik, pursuant to Federal Rule of Civil Procedure 56, hereby file this reply to Plaintiff's Opposition to their Motion for Summary Judgment, against Plaintiff, James P. Calafiore.

I.  Plaintiff's Factual Allegations

Plaintiff points out no disputes of material fact and provides no factual basis or excuse for his failure to ensure that the instant personal injury claim (about which he was admittedly aware and had, in fact, disclosed to counsel) appeared on his bankruptcy schedules. Moreover, he does not allege, other than indirectly, that the omission was anything other than intentional. Indeed, now that Plaintiff has been caught, he seeks to be excused from the omission because, he argues, "it would not matter anyway."

Simply put, in a prior action, Plaintiff flatly denied the existence of this personal injury claim. Now that it suits him to bring it forward, he is taking an inconsistent position; *i.e.*, that he does, in fact, have a personal injury claim. His earlier omission was intentional and not excusable. Moreover, Plaintiff misunderstands the doctrine of judicial estoppel, which must be applied to this case.

## II.  Plaintiff's Legal Argument Misconstrues Judicial Estoppel

A.  The Purpose of Judicial Estoppel

Plaintiff claims, without legal citation, that "the clear purpose of judicial estoppel is to protect the integrity of the courts rather than to punish adversaries or to protect litigants." Defendants would certainly benefit from the grant of summary judgment, and Plaintiff tries to focus on that benefit by arguing that, because it would be to Defendants' advantage, this Court should not apply judicial estoppel to his case. The advantage of a grant of judicial estoppel to the defendants in the subsequently filed action, however, is irrelevant to the judicial estoppel analysis; judicial integrity and deterring litigants from playing "fast and loose" with the facts is the issue.

The Plaintiff has squarely undermined the integrity of this Court by denying the existence of this claim to the Bankruptcy Court and then, mere days after being discharged in bankruptcy, filing suit for the same personal injury he had denied.[1] The undisputed fact is that Plaintiff was aware of the existence of this suit the entire time and failed to disclose it, despite the requirements of 11 U.S.C. §521. The doctrine of judicial estoppel is rooted in the requirement that litigants be candid with the courts at all times; when one is not and later takes an inconsistent position, the court may

---

[1] Indeed, as the Civil Cover Sheet was dated the same day as the discharge, Plaintiff's position changed from denial to existence of this claim within a matter of hours.

dismiss the case once certain criteria, discussed *infra*, are met. To put it more bluntly, judicial estoppel is raised if the court can ask the question: "Was the plaintiff lying then, or is he lying now?"

B.  Plaintiff Intentionally Failed to List the Personal Injury Claim in the Bankruptcy

In his attempt to show that his case does not meet the criteria for judicial estoppel, Plaintiff cites to case law from other circuits that does not comport with the Fourth Circuit's explication and application of the doctrine of judicial estoppel.

The Fourth Circuit's requirements for a claim of judicial estoppel are what is germane:

> "To be invoked, the doctrine of judicial estoppel requires four elements to be present: '(1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact, rather than law or legal theory; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.'"

*Havird Oil Co., Inc. v. Marathon Oil Co., Inc.,* 149 F.3d 283, 292 (4th Cir.1998). Plaintiff does not appear to dispute that elements one through three of the test have been met. Accordingly, this Reply focuses on the issue of intent. He argues that he did not act in bad faith, and also appears to argue that the failure to list this personal injury claim as an asset was not intentional.

Plaintiff relies on *McNemar v. Disney Store, Inc.,* 91F.3d. 610 (3d Cir. 1996), to argue that bad faith is required to prove judicial estoppel. While the Fourth Circuit does not require an explicit finding of bad faith as the Third Circuit Does, this case is nevertheless useful, as the facts of that care are similar in terms of the level of intent, although *McNemar* did not involve a bankruptcy proceeding. The Plaintiff in that case had been diagnosed with pneumonia and HIV, but did not tell his employer about the HIV until he was about to be terminated for taking two dollars out of the till and failing to replace it. *McNemar*, 91 F.3d at 613-14. He was terminated anyway, and subsequently

applied for and received "New Jersey state disability benefits, Social Security disability benefits, and exemption from repayment of an educational loan from the Pennsylvania Higher Educational Authority[,]" all based on a claim of total and permanent disability and a concomitant inability to work. *Id*. at 615. Subsequently, Plaintiff filed suit against the former employer for wrongful discharge under the Americans With Disabilities Act claiming that he could work, with accommodation. *Id*. at 616. Finding that the Plaintiff was "speaking out of both sides of his mouth," the Third Circuit affirmed the District Court's decision granting summary judgment based on judicial estoppel. *Id*., at 619.

Likewise, Plaintiff in this case is speaking out of both sides of his mouth by saying, on the one hand, that he had no personal injury claim, but the on the other, filing a lawsuit seeking one million dollars in compensation for that previously denied personal injury. Not only was suit filed after the existence of the claim was denied, however, it was filed almost concurrently with the bankruptcy discharge. It is quite similar to the Plaintiff in *McNemar* saying on the one hand that he was totally disabled and unable to work and obtaining state and federal benefits, then claiming he was wrongfully discharged for the same disability that he later alleged could have been accommodated.

Moreover, as was the case in *In re USinternetworking,* 310 B.R. 274, and *Kamont v. West*, 258 F.Supp.2d 495 (S.D. Miss. 2003), cited in Defendants' opening Memorandum, Plaintiff knew of the existence of this claim when the bankruptcy application was filed. Plaintiff appears to argue that the failure to disclose this claim was not intentional. Under Fourth Circuit precedent, it must therefore have been inadvertent. *Kamont* teaches that an inadvertent failure to disclose an asset must be based on a lack of knowledge or a lack of motive for concealment. 258 F.Supp.2d at 500. Here,

Plaintiff cannot meet the first prong of that test. Moreover, he certainly had motive for concealment, despite the fact that he indirectly claims otherwise.

Plaintiff's attempts to circumvent responsibility for his inconsistent assertions do not hold water when viewed in light of undisputed facts. He admits that he was aware of the fact that he had a claim. He had discussed the claim with his bankruptcy attorney. Despite the foregoing, the bankruptcy application and schedules were filed without reference to this personal injury claim, and they were never amended. Although he now claims that the Maryland exemption should excuse his behavior, a point which will be discussed *infra*, the fact is that Plaintiff did list other exempt assets, including his home, wearing apparel, household goods, and two automobiles. In addition, he listed his related Workers' Compensation claim. At the same time, he and his wife listed almost $60,000.00 worth of unsecured debt on their bankruptcy schedules, debt that was much easier to discharge without a potential fight with creditors over the proceeds of a judgment or settlement from the personal injury case. Moreover, the fact that the Circuit Court case was filed mere days after the bankruptcy discharge was entered[2] is further proof of the intent required by the *Havird Oil Co., Inc.* test.

There is no favorable inference to the Plaintiff from the undisputed fact and circumstances surrounding the filing of the bankruptcy case and the subsequent filing of the personal injury claim. The only possible inference is the Plaintiff acted intentionally.

---

[2] Again, the Civil Cover Sheet was dated March 22, 2004, the day of the bankruptcy discharge, although the case was apparently not filed until April 1, 2004.

C.  The Exemption Does Not Help the Plaintiff

Finally, Plaintiff attempts to have his behavior excused by saying "it would not have mattered anyway" due to the exemptions allowed by 11 U.S.C. § 522(b)(2) and Md. Code Ann., *Cts. & Jud. Proc.*, § 11-504.  Essentially, Plaintiff claims his behavior is excusable since it would have ultimately made no difference.

Plaintiff cites *In re Butcher*, 189 B.R. 357 (D. Md. 1995) to support his contention that exemption of the entirety of any judgment or settlement received by Plaintiff for this personal injury is a foregone conclusion.  That case concerned a number of constitutional arguments as well as findings by the Bankruptcy Court that the specific amounts in question were both reasonably attributable as compensation for Butcher's previous personal injury, and fair compensation for Butcher's injuries.  *Id.*, at 363-67.  As such, they were exempt.  *Id.*  These findings were upheld by this Court and the Fourth Circuit.  *In Re Butcher*, 125 F.3d 738 (4th Cir. 1997).

It is worth noting, however, that the Fourth Circuit has specifically interpreted Md. Code Ann., *Cts. And Jud. Proc.*, §11-504(b)(2) as exempting only those amounts reasonably related to the debtor's injuries.  *Id.*, at 241.  That is, if the Bankruptcy Court makes findings of fact either that a judgment or settlement represented amounts not connected to the injuries or that the judgment and settlement represented overcompensation, it may refuse to exempt a portion of the award.  *Id.* at 242.

In other words, complete exemption of an entire judgement or settlement is not a foregone conclusion, and needs to be examined on a case-by-case basis.  Whether all or part of any settlement or judgment from this personal injury action would have been exempt from Plaintiff's creditors is a judgment for the Bankruptcy Court to make in the event of a dispute.  Neither the creditors nor the

Trustee, of course, had the opportunity to dispute a requested exemption, and the Bankruptcy Court had no opportunity to render a decision, because none were aware of this claim.

Critically, Plaintiff also ignores his own duty of disclosure under the same bankruptcy laws he cites in order to try to protect himself. The courts have interpreted the disclosures requirements of 11 U.S.C. § 521(1) as requiring full disclosure of all debts and assets, including pending or potential lawsuits. *In re USinternetworking*, 310 B.R. at 281, 282, 382 (and cases cited therein). Failure to list debts and assets undermines the ability of the Bankruptcy Court to do its job. Indeed, concealment of assets and making a false oath in a bankruptcy case may rise to the level of a crime. 18 U.S.C. § 152. Inclusion of such concealment in the criminal code demonstrates the seriousness of the duty to disclose. Moreover, 18 U.S.C. Chapter 9, covering bankruptcy crimes, does not contemplate "potential exemption" as a defense to bankruptcy fraud or concealment of assets.

Plaintiff's attempts to excuse his behavior "because it would not matter anyway" are not valid and should not be prevent entry of an order judicially estopping him from proceeding with this claim.

## III. Conclusion

The bottom line in this case is that Plaintiff denied the existence of this claim on his bankruptcy application and did so intentionally. He knew it existed and told his bankruptcy attorney about it, yet filed the application without listing this personal injury claim as an asset. Then, mere days after being discharged from bankruptcy, Plaintiff changed his tune and filed a million dollar lawsuit setting forth the claim that days earlier he denied existed.

The Fourth Circuit requires only that he have intended not to list the claim on the bankruptcy application, and the undisputed facts demonstrate intent. Plaintiff attempts to circumvent his behavior by saying that it ultimately did not matter because any recovery he would make as a result

the lawsuit would be exempt from his creditors. This, however, does not excuse the failure to disclose the claim on his bankruptcy application, as he was, simply, required by law to do so. Indeed, Plaintiff listed significant other exempted property on his schedules. Moreover, it is for the Bankruptcy Court, not Plaintiff, to decide what is and what is not exempt.

Plaintiff has been playing fast and loose with the Court, and, now that he has been caught, he attempts to extricate himself by arguing "well, it would not have mattered." He offers no explanation for his behavior, and it is clear that he was well aware of this claim yet denied it when it suited him, only to raise it when it accommodated his needs. Plaintiff Calafiore should be judicial estopped from pursuing his claims.

    Respectfully submitted,

    /s/
Andrew T. Stephenson
Federal Bar No.: 26504
Linda J. Springrose
Federal Bar No.: 15283
Franklin & Prokopik
Two North Charles Street, Suite 600
Baltimore, Maryland  21201
(410) 752-8700
*Attorneys for Defendants*

...


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of October, 2005, a copy of the foregoing was sent via e-mail, through the E.C. system to:

| | |
|---|---|
| Richard W. Rask, Esquire<br>The Park Plaza, Suite 200<br>800 North Charles Street<br>Baltimore, Maryland 21201<br>*Attorney for James P. Calafiore* | Wilson K. Barnes, Esquire<br>Femmes, Bowen & Femmes<br>250 West Pratt Street, 16th Floor<br>Baltimore, Maryland 21201<br>*Attorney for Insurance Co. of the State of PA and Brunswick/Life Fitness t/u/o and t/u/o James P. Calafiore* |

_____/s/_____
Linda J. Springrose