IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES P. CALAFIORE, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 1:04-CV-3402 |
| WERNER ENTERPRISES, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' THIRD MOTION IN *LIMINE*** 

Defendants, Werner Enterprises, Inc., and Robert Genthner ("Werner and Genthner"), by and through their undersigned attorneys, Andrew T. Stephenson, and Franklin and Prokopik, pursuant to the Federal Rules of Civil Procedure, and in accordance with the Scheduling Order, move this Honorable Court before trial, and before the selection of a jury, for an Order in *limine*, ordering the Plaintiffs, Insurance Co. of State of PA and Brunswick/Life Fitness t/o/u and t/u/o James P. Calafiore and James P. Calafiore ("Plaintiffs, Calafiore"), and their attorneys, and witnesses, not to state, discuss, mention or bring in any way to the jury's attention, directly or indirectly, at any stage of these proceedings, reference to any of the evidence and/or argument described below:

1. Reginald Davis, M.D.

2. Any expert testimony by Reginald Davis, M.D.

3. The expert opinions contained in the February 28, 2008, report of Reginald Davis, M.D.

4. The need or potential for future surgery.

## INTRODUCTION

This is a civil action premised on the tort of negligence wherein Plaintiffs, Calafiore, seek compensatory damages for injuries allegedly sustained as a result of a motor vehicle accident that occurred on October 25, 2001. Defendants, Werner and Genthner, have voluntarily stipulated to responsibility and the only issue remaining to be decided is the amount of damages, if any, to which Plaintiffs, Calafiore, are entitled.

## RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiffs, Calafiore, were required to designate expert witnesses, in accordance with Fed. R. Civ. P. 26(a)(2), by no later than July 14, 2005. *See* proposed Order (Docket No. 29), filed on June 17, 2005, and paperless Order (Docket No. 30) dated June 23, 2005, approving the same. This was the expert designation deadline proposed by Plaintiffs, Calafiore, following a request to modify the initial Scheduling Order (Docket No. 23), which was issued on January 20, 2005, which set the original date for Plaintiffs, Calafiore's, expert designation on March 11, 2005. The deadline for Plaintiffs, Calafiore, to designate Fed. R. Civ. P. 26(a)(2) experts has never been extended beyond July 14, 2005.

Trial was originally scheduled for three to four days and set to commence on July 24, 2006. At the July 6, 2006, Pretrial conference this Honorable Court granted Plaintiffs, Calafiore's, Motion for Continuance and issued a Letter dated July 6, 2006, indicating that "[d]iscovery is not being reopened other than as necessary to address the new evidence." This ruling did not contemplate the designation of new medical experts by the Plaintiffs, Calafiore, but was, instead, limited to the presentation of new medical records and other information regarding the anticipated surgery and Mr. Calafiore's recovery from the same.

Since the July 6, 2006, continuance, Plaintiff, Calafiore, has gone back and forth as to his willingness to undergo an additional surgery ultimately deciding that he is not prepared to do so, at least at this point in time. According to the January 23, 2007, report of Ronald Cohen, M.D. (attached hereto as Exhibit A), Plaintiff "was adamant and explicit in that he does not want to undergo any additional surgery on his cervical spine...He says that he will not undergo additional surgery for this reason[1]." On April 16, 2007, a letter from his counsel (attached hereto as Exhibit B) states "Mr. Calafiore will undergo the surgery which has been proposed by Dr. Cohen." Given the above, we wrote to Plaintiff's counsel on April 19, 2007 (attached hereto as Exhibit C):

> "In advance of the May 4, 2007, conference call, can you please produce an affidavit from Mr. Calafiore that indicates that he is actually prepared to undergo the surgery that is being sought and that is causing all of the delay in this litigation. I am sure that you will agree, if Mr. Calafiore is not prepared to undergo the surgery, then we can dispense with most of the outstanding issues and get this matter scheduled for trial."

In response to our letter dated April 19, 2007, Plaintiff produced an Affidavit dated May 2, 2007 (attached hereto as Exhibit D). The sworn Affidavit states:

> "In light of the recent second opinion obtained from Dr. Edward Cohen, at this time I do consent to proceed with the recommended additional spinal surgery."

An additional status conference took place on May 4, 2007, at which time further assurances of a surgery were provided by Plaintiff's counsel and the Court requested that Plaintiff produce a schedule for the surgery and a proposed schedule for the corresponding discovery. On May 4, 2007, the Court issued a Letter (Docket No. 63):

---

[1] Also at page 4: "[b]ased on his prior experience with the C4 to C7 level fusion, Mr. Calafiore is adamant today that he does not wish to undergo this surgery. He says that he has no confidence that the C3-4 fusion will be any more successful than the C4 to C7 fusion has been. Mr. Calafiore indicates that he has exactly the same discomfort now that he had prior to the C4 to C7 fusion. He strongly prefers to continue on a non surgical [pain medication] course of treatment."

> "This will confirm the results of our conversation call today. Mr. Beckman will submit a status report no later than May 11, 2007."

A May 9, 2007, report from Charles C. Park, M.D. (attached hereto as Exhibit E), further indicated that Plaintiff "Would benefit from a cervical fusion." By letter dated May 23, 2007 (Docket No. 66) Plaintiff's counsel provided a status report indicating that "we will know in several days what the surgery date is." Another status conference was scheduled for May 25, 2007, further to which the Court issued a Letter (Docket No. 67) which states:

> "Mr. Bekman will advise counsel and the court when the date for Mr. Calafiore's surgery has been confirmed. Within two weeks after surgery, counsel will submit a status report and a proposed schedule, agreed upon to the extent possible, for completion of discovery and setting of a trial date in this case. Another conference call will be scheduled, as needed, after I have received the parties scheduling proposals."

As of this date, Plaintiffs, Calafiore, have never offered any sort of proposal for a discovery schedule and no additional discovery has ever been approved. By letter dated July 25, 2007 (Docket No. 70), Plaintiffs' counsel informed the court that Plaintiff had again decided against surgery in favor of ongoing pain management. In the same letter, Plaintiff, for the first time, identifies Reginald Davis, M.D., as a medical expert. As of this date, Dr. Davis has never opined that Plaintiff's injuries are causally related to the subject occurrence. According to Dr. Davis' June 12, 2007, record (attached hereto as Exhibit F) Plaintiff called Dr. Davis asking him to render such an opinion but Dr. Davis responded that he would need a written request from counsel before he would be prepared to address such a request. By letter dated January 7, 2009 (attached hereto as Exhibit G), for the first time, Plaintiff indicates "it is our intent to call Dr. Davis as an expert at the time of trial." By letter dated January 14, 2008 (attached hereto as Exhibit H), Plaintiff elaborated:

> "It is my intent to call Dr. Davis as a 26(a)(2)(B) expert. I intend to obtain a report from him. I intend to provide it to you and I can tell you that he will express opinions as to: (1) his examinations of Mr. Calafiore; (2) his opinions with regard to the causal relationship

between the accident and the condition he found on physical examination; (3) the nature and extent of his disability; (4) the nature of his future treatment and the cost thereof."

By letter dated January 16, 2008 (attached hereto as Exhibit I), we responded:

"Thank for your letter dated January 16, 2008. I agree with your contention that you would need to call Dr. Davis as a 26 (a)(2)(B) expert in order for him to testify as to the opinions enumerated in your letter. As of this date, we have never received a 26(a)(2)(B) expert designation relating to Dr. Davis nor have we received a report addressing the opinions enumerated by you as (2) through and including (4). I will await the designation and the report, and I will respond accordingly. We do not waive any objections under the rules or the Scheduling Order. Subject, of course, to the contents of the report, I expect that we will be filing a Motion in Limine. Please send me a copy of all correspondences exchanged between you and Dr. Davis."

As of this date Plaintiff has never produced the correspondences exchanged between his counsel and Dr. Davis but by letter dated March 5, 2008 (attached hereto as Exhibit J), Plaintiff produced a February 28, 2008, report from Reginald Davis, M.D. (attached hereto as Exhibit K). As is plain to see, Dr. Davis' report does not address any of the opinions enumerated in the letter from Plaintiff's counsel dated January 14, 2008 (ex. H). Specifically, Dr. Davis does not causally relate anything to the accident that is the subject of this case. Instead, he states:

"assuming that his index surgery, i.e. the C4 thru C7 fusion was indeed causally related to his accident, I have the opinion that there are 3 equally valid explanations for his continued neck pain and presentation at present."

The report does not contain any discussion of his examinations of Plaintiff; the nature and extent of his disability; or the nature of his future treatment and the cost thereof.

As of this date, Plaintiff has not elaborated any fixed plan to undergo a future surgery or any other future medical treatment.

## ARGUMENT

A. Plaintiffs, Calafiore, Never Designated Reginald Davis, M.D., in Accordance with FRCP 26(a)(2)(B)

As of the date of this Motion, Plaintiffs, Calafiore, have never designated Reginald Davis, M.D., in accordance with FRCP 26(a)(2)(B). Specifically, Plaintiffs, Calafiore, have never produced a Dr. Davis' CV, his fee schedule, a list of his publications over the past ten years, or a list of depositions and trials in which he had testified over the preceding four years. See FRCP 26(a)(2)(B)(iv), (v) or (vi).

      B.      Dr. Davis' Identification and Report Are Untimely

The first notification of Plaintiffs' intent to call Dr. Davis as a FRCP 26(a)(2)(B) expert, provided on January 7, 2008, was literally years after the deadline for designating experts which transpired back on July 14, 2005. Irrespective of the Scheduling Order, Dr. Davis' February 28, 2008, report produced by letter dated March 5, 2008, directly violates FRCP26(a)(2)(C)(I) which expressly requires expert reports to be furnished at least ninety (90) days in advance of trial.

      C.      The Evidence Regarding Future Surgery Is Too Indefinite and Too Uncertain

There is no doubt that Plaintiff has flip flopped on the issue of his willingness to undergo surgery as is described in greater detail above - he has gone from "adamant and explicit in that he does not want to undergo any additional surgery" to signing a sworn Affidavit promising that he does, back to indicating that he does not want to proceed with the surgery. As such, the issue should not be permitted to go to the jury as his conduct makes is less likely so than not that he will ever agree to the surgery.

Additionally, the actual medical record from Reginald Davis, M.D., does not provide a definitive statement as to the need, or time frame, for the future surgery. The December 11, 2007, record of Reginald Davis, M.D. (attached hereto as Exhibit L) merely states:

"At present, if his symptoms are manageable the surgery can be postponed until such time that symptoms become intolerable."

In order for evidence of a future surgery to be permitted at trial, in the immediate case, Plaintiff's expert would need to opine that it is more likely so than not that his symptoms will become intolerable. Farley v. Allstate, 355 Md. 34 (1999)(expert testimony that automobile accident victim could require an injection if a future examination indicated it was necessary and could require physical therapy did not support award for future medical care and treatment and did not support requested jury instruction on damages for future medical expenses; the testimony was too speculative). In Farley, the plaintiff's medical expert, Dr. Reischer, testified as follows:

> "[Farleys' Counsel:] Doctor, do you believe that [Mr. Farley] will require any future medical care for that injury [to his left hip]?
>
> [Reischer]: Yes. Yes, I think he will occasionally require an injection, may require some physical therapy.
>
> [Farleys' Counsel:] *Is there any particular time frame in which, or frequency in which, this may occur?*
>
> [Reischer:] *Not really.* I suspect that [if] he's going to get very, very active, it may happen, this will probably, this may be kind of, like, a weak link of his and I think that's probable."

Id., at p. 50, italics provided in original.

WHEREFORE, Defendants, Werner Enterprises, Inc., and Robert Genthner, respectfully request that this Honorable Court before trial, and before the selection of a jury, enter an Order in *limine*, ordering the Plaintiffs, Insurance Co. of State of PA and Brunswick/Life Fitness t/o/u and t/u/o James P. Calafiore and James P. Calafiore, and their attorneys, and witnesses, not to state, discuss, mention or bring in any way to the jury's attention, directly or indirectly, at any stage of these proceedings, reference to any of the evidence and/or argument described above.

Respectfully submitted,

/s/
Andrew T. Stephenson (#26504)
Franklin & Prokopik
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland  21201
(410) 230-3638
(410) 752-6868 (fax)
astephenson@fandpnet.com
*Counsel for Defendants, Werner Enterprises, Inc., and Robert Genthner*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March, 2008 a copy of Defendants' Third Motion in *Limine* was electronically filed and sent via email and regular mail to:

J. Michael Harrison, Esquire
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, MD  21201

Wendy Shiff, Esquire
Salsbury, Clements, Bekman,
Marder & Adkins, L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, MD  21201

/s/
Andrew T. Stephenson